IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERIC J THOMPSON,

      Petitioner,

v.                                                                 CASE NO. 4:06-cv-00110-MP-MD

JAMES MCDONOUGH,

      Respondent.

_____/

# **O R D E R**

This matter is before the Court on Doc.22, Report and Recommendation of the

Magistrate Judge, recommending that the 28 U.S.C. § 2254 motion in this case be denied.

Objections were filed, doc. 23, and the Court has reviewed them.

The petitioner was convicted in state court of felony murder and armed robbery, based on

his participation in a plot to rob a drug dealer.  Petitioner brings four claims in his § 2254

motion.  The first and second claims involve whether sufficient evidence existed to support the

felony murder and robbery claims.  The Court agrees with the Magistrate Judge, however, that

petitioner conceded that his first two claims are procedurally defaulted.  Also, the Court agrees

that he has made none of the requisite showings to excuse his default; therefore, the claims will

not be considered further.

Next, petitioner argues that his attorney should have called one of his co-conspirators

(named Campbell) as a witness based on an undated, unsworn statement by the individual which

stated that the individual had no knowledge of the defendant being at the house where the

murder occurred except to smoke marijuana.  This statement flatly contradicted two earlier

statements which explicitly implicated petitioner in the planning and execution of the robbery

plot.  The Court agrees with the Magistrate Judge that the claim is without merit.   Given the

hand that counsel was dealt, including the two prior statements by Campbell that completely

implicated petitioner and the proposed testimony offered in Campbell's subsequent statement

(unsworn and of unknown origin) that only partially (and questionably) exonerated petitioner,

counsel was clearly well within the wide range of competence expected of effective counsel

when he did not call Campbell.  Petitioner cannot show that no competent counsel would have

failed to call Campbell.

Finally, the petitioner complains that his counsel was ineffective for failing to object the

prosecutor's use of the term "loophole" to describe the defense's theory.  The Court agrees with

the Magistrate Judge that the prosecutor's reference to the "independent act" defense as a

"loophole" was not so egregious as to render the proceeding fundamentally unfair, nor was there

a reasonable probability that, but for the remark, the outcome of petitioner's trial would have

been different. Thus, the state court's denial of relief was not based on an unreasonable

determination of the facts in light of the evidence in the state court record. 28 U.S.C. §

2254(d)(2). Nor did the state court's ruling result "in a decision that was contrary to, or involved

an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1).

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge is adopted and
         incorporated herein.

2.      This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this _4th_  day of January, 2008

_____*s/Maurice M. Paul*_____
        Maurice M. Paul, Senior District Judge