IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC J THOMPSON,

    Petitioner,

v.                                                                  CASE NO. 4:06-cv-00110-MP-MD

JAMES MCDONOUGH,

    Respondent.

_____/

# **O R D E R**

Petitioner has filed a notice of appeal in this case (doc. 26), a motion for Certificate of Appealability (doc. 27), and a motion to proceed *in forma pauperis* (doc. 33). Having considered the facts of this case and the applicable law, the Court finds that Petitioner should not be granted a certificate of appealability and that the motion to proceed *in forma pauperis* should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied. See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

In the instant case, for the reasons given in the order at doc. 24, Petitioner's counsel's decisions during trial where reasonable tactical decisions and Petitioner's ineffectiveness claim is clearly without merit. Accordingly, no reasonable jurists would debate the fact that petitioner's habeas corpus petition was properly dismissed. Consequently, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability should be denied.

Also, with regard to the motion to proceed *in forma pauperis*, the Court must consider whether the appeal is taken in good faith, as the term is used in Fed. R. App. P. 24(a)(3) and (4). For the reasons given above, Petitioner's appeal is frivolous and fails to state a claim upon which relief may be granted. The Court hereby certifies, pursuant to Fed. R. App. P. 24(a)(3) and (4),

that the appeal is not taken in good faith and that an appeal may not be taken *in forma pauperis*.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Application for a Certificate of Appealability (doc. 27) is denied.

2. Petitioner's Motion to Proceed *In Forma Pauperis* (doc. 33) is denied.

3. The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this *6th* day of March, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge